IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ERIC DRAKE,<br>    **Plaintiff,**<br>  v.<br>SUPERINTENDENT HOUSER, *et al.*,<br>    **Respondents.** | CIVIL ACTION NO. 21-3923 |

**ORDER**

  Petitioner Michael Eric Drake was convicted of aggravated assault, rape by forcible compulsion, sexual assault, and indecent assault by forcible compulsion and sentenced to a term of 20 to 40 years in prison. Mr. Drake first challenged his conviction on direct appeal and, after this was denied, brought a *pro se* petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"). After his conviction was upheld by the Pennsylvania Superior Court, Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. United States Magistrate Judge Pamela A. Carlos issued a Report and Recommendation ("R&R") recommending that the petition be denied. No parties have objected. For the reasons set forth herein, the R&R is fully adopted and approved.

  Petitioner raised twenty-eight claims for relief. The R&R broadly groups the claims into three categories: (1) ineffective assistance of counsel claims; (2) trial court error claims; and (3) prosecutorial misconduct claims.[1] The Court will review the claims in these same groups.

---

[1] *See* Report and Recommendation ("R&R") [Doc. No. 31] at 12-13.

**I. Ineffective Assistance of Counsel**

Mr. Drake brings eleven claims alleging that his trial counsel was constitutionally ineffective.[2] These claims are further broken down into those that relate to trial counsel's handling of the victim's testimony,[3] trial counsel's alleged failure to investigate other witnesses,[4] trial counsel's handling of "prior bad act" evidence,[5] and trial counsel's alleged inexperience.[6]

**A. The Victim's Testimony**

Mr. Drake, in his petition, brings claims relating to his trial counsel's handling of the victim's testimony. Mr. Drake asserts his trial counsel was ineffective: for not impeaching the credibility of the victim; for not requesting the "real name and information" of the victim; and for not knowing one of the victim's aliases.[7] As thoroughly analyzed in the R&R, Mr. Drake did not raise these claims at the state court level, and therefore they are procedurally defaulted.[8] Mr. Drake failed to argue cause and prejudice for the procedural default in his petition, as required by the Supreme Court.[9] Even if Mr. Drake had argued grounds for excusing the default, as the R&R notes, Mr. Drake failed to show that his claims were "substantial," or, had "some merit" as

---

[2] R&R [Doc. No. 31] at 13.

[3] *See* Pet. for Writ of Habeas Corpus [Doc. No. 1] at 20-21 (Claims 1, 4, 9).

[4] *See* Pet. for Writ of Habeas Corpus [Doc. No. 1] at 20-22 (Claims 2, 3, 7, 10).

[5] *See* Pet. for Writ of Habeas Corpus [Doc. No. 1] at 20-21 (Claims 5, 6, 8).

[6] *See* Pet. for Writ of Habeas Corpus [Doc. No. 1] at 22 (Claim 11).

[7] R&R [Doc. No. 31] at 13.

[8] In order for a federal court to be able to grant habeas relief, a petition must have first presented their claims in state court and fully exhausted their remedies there. *See O'Sullivan v. Boerkel*, 526 U.S. 838, 842(1999). If the claim was not fully exhausted in the state courts, the claim is procedurally defaulted and unreviewable by a federal court. A petitioner may excuse the default and allow the default to be reviewed by showing "cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[9] *Coleman*, 501 U.S. at 729.

required, and, subsequently, that his counsel was ineffective for not pursuing it.[10] He instead makes "conclusory allegation[s]" regarding what his counsel should have done, which is insufficient to establish procedural default. Thus, Mr. Drake's claims are unreviewable in federal court and will be denied.[11]

### B. Investigation of other Witnesses

Mr. Drake brings four claims centering on his counsel's alleged failure to investigate other witnesses.[12] Mr. Drake's first claim, that counsel was ineffective for not investigating or calling a witness named Keisha Palmer to testify, was heard by the PCRA court. Following a hearing in which both Ms. Palmer and trial counsel testified, the PCRA court rejected Mr. Drake's claim, finding that Mr. Drake failed to demonstrate prejudice.[13] The denial of this claim was later upheld by the Superior Court.[14]

As his claim was presented to the state courts and adjudicated on the merits, Mr. Drake is entitled to habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law"[15], or was "based on an unreasonable determination of the facts."[16] As the R&R determined, the state court's decision does not conflict with clearly established federal law,[17] nor was the state court's decision an

---

[10] R&R [Doc. No. 31] at 13-15; *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 937 (3d Cir. 2019) (requiring a petitioner show that the underlying ineffective assistance of trial counsel claim was substantial).

[11] R&R [Doc. No. 31] at 16; *Martinez v. Ryan*, 566 U.S. 1 (2012).

[12] *See* Petition for Writ of Habeas Corpus [Doc. No. 1] at 20-22.

[13] R&R [Doc. No. 31] at 17-18.

[14] R&R [Doc. No. 31] at 18.

[15] 28 U.S.C. § 2254(d)(1).

[16] 28 U.S.C. § 2254(d)(2).

[17] R&R [Doc. No. 31] at 18-19. The state courts evaluated Mr. Drake's ineffectiveness claim using the Pennsylvania test for ineffective assistance of counsel, which, as the Third Circuit notes, is consistent with the federal test. *Tyson*, 976 F.3d at 291. As such, the state court's decision does not conflict with "clearly established federal law."

unreasonable application of *Strickland*.[18] Upon review of the record, the Court agrees with this conclusion.

Mr. Drake's remaining three claims[19] were not fully exhausted in the state courts and are unreviewable by this Court. The remaining claims are vague, unsubstantiated, and are brought for the first time in the Petition. Mr. Drake does not argue any grounds to excuse this default, and the Court agrees that there are no grounds to excuse the default. Thus, the claims will be dismissed.

### C. Prior Bad Acts Evidence

Mr. Drake's next set of ineffectiveness claims[20] come from the victim's testimony at trial alleging Mr. Drake had a history of sexual assault.[21] In his petition, he makes three claims related to this testimony, only one of which has been procedurally exhausted. The procedurally exhausted claim asserts that counsel should have objected to the victim's mistaken reference to a history of sexual assault and moved for a mistrial, or sought curative instructions.[22] The PCRA court rejected this claim on the merits after an evidentiary hearing, noting that trial counsel believed that an objection or curative instruction would instead have drawn the jury's attention to the unfavorable evidence that had only been mentioned in passing.[23] Additionally, the PCRA

---

[18] R&R [Doc. No. 31] at 19-21. The state court found that the use of Ms. Palmer's testimony at trial would have in fact corroborated the victim's testimony and the decision was in fact strategic and a reasonable basis for counsel's actions. R&R [Doc. No. 31] at 21. Given the state court's reliance on the hearing testimony from the proposed witness and trial counsel, the decision was based on a reasonable determination of the facts.

[19] Pet. for Writ of Habeas Corpus [Doc. No. 1] at 20, 22 (Claims 2, 3, 10).

[20] Pet. for Writ of Habeas Corpus [Doc. No. 1] at 20-21 (Claims 5, 6, 8).

[21] Pet. for Writ of Habeas Corpus [Doc. No. 1] at 20-21; N.T. 8/6/2023, at 118:1-8.

[22] R&R [Doc. No. 31] at 25, Pet. for Writ of Habeas Corpus [Doc. No. 1] at 20.

[23] *Drake III*, No. CP-51-CR-0012343-2011, at 12-13.

court found that the lack of action from trial counsel was not prejudicial. The Superior Court affirmed this decision, noting that a mistrial was not warranted.

The state court's determination that trial counsel's decision to not ask for a mistrial or for curative instructions was not ineffective was, in turn, a reasonable application of *Strickland* and was based on a reasonable determination of the facts.[24] The Court agrees with the R&R that the circumstances present here do not justify a mistrial—a fleeting, one-time comment never mentioned again by either party did not deprive Mr. Drake of his fundamental right to a fair trial.[25] Further, a curative instruction may have brought additional attention to the comment, instead of minimizing it. This claim will be denied.

Mr. Drake has also raised two new claims stemming from this testimony at trial: first, that trial counsel was ineffective for admitting that he was indifferent to whether the jury was informed of Mr. Drake's alleged history of sexual offenses; and second, for not subpoenaing the police officers who allegedly provided this information to the victim.[26] Mr. Drake did not present these claims to the state court, and makes no argument as to why his procedural default should be excused. Even assuming Mr. Drake made such an argument, the Court agrees with the R&R that the claims are not substantial for purposes of *Martinez*. These claims will be dismissed.

**D. Counsel's Alleged Inexperience in Sexual Assault Cases**

Mr. Drake's final ineffectiveness claim points to that trial counsel's alleged inexperience in sexual assault cases.[27] This case was not raised in the state court proceedings and therefore is procedurally defaulted. Even if Mr. Drake had raised this claim in the state court, it is a meritless

---

[24] R&R [Doc. No. 31] at 26

[25] R&R [Doc. No. 31] at 26-27.

[26] Pet. for Writ of Habeas Corpus [Doc. No. 1] at 21.

[27] Pet. for Writ of Habeas Corpus [Doc. No. 1] at 22.

5

one as Mr. Drake's trial counsel in reality had experience in sexual assault cases and criminal cases.[28] Importantly, even if he did not, "inexperience—without more—does not demonstrate ineffectiveness."[29] This claim will be dismissed.

## II. Trial Court Error

Mr. Drake brings claims asserting trial court error: in handling of the DNA expert's testimony; by allowing the victim to use an alias in court; and by redirecting the victim after she revealed Mr. Drake's alleged history of sexual assault.[30]

### A. DNA Expert Testimony

Mr. Drake asserts that the trial judge made two errors regarding DNA evidence at trial: first, that the trial judge misapplied Pennsylvania's Rape Shield Law, hiding "exculpatory evidence;" and second, that the trial judge committed "prosecutorial misconduct" by admitting the evidence into the record and then later instructing the jury to not consider the evidence.[31]

The Court agrees with the R&R, which interpreted these claims as a restatement of an exhausted claim brought on direct appeal,[32] where Mr. Drake argued his right to confrontation was violated when he was not allowed to cross-examine the DNA expert on his conclusion that there was another male's DNA included in the victim's rape kit.[33] As thoroughly explained in the R&R, the state court's resolution was not contrary to federal law.[34] The trial court excluded the

---

[28] R&R [Doc. No. 31] at 29.

[29] R&R [Doc. No. 31] at 29.

[30] Pet. for Writ of Habeas Corpus [Doc. No. 1] at 23-24, 29 (Claims 13, 14, 19, 28).

[31] Pet. for Writ of Habeas Corpus [Doc. No. 1] at 23, 29.

[32] This interpretation was construed liberally due to Mr. Drake's *pro se* status. R&R [Doc. No. 31] at 31.

[33] *Drake I*, 2015 WL 6957391. *See also* R&R [Doc. No. 31] at 31-32. The R&R concluded in that alternative that Mr. Drake could simply be disagreeing with the trial court's application of state evidentiary law, which would be unreviewable by a federal habeas court. *See* R&R [Doc. No. 31] at 31 (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

[34] R&R [Doc. No. 31] at 31-32.

6

expert's testimony that there was evidence of other male's DNA because the defense in the case was consent, not identification, and therefore the presence of other male's DNA was not permitted under the Rape Shield Law. The Superior Court's conclusion that the evidence not relevant to the case and any confrontation claim was moot was not an unreasonable application of federal law or an unreasonable determination of the facts.[35] This claim will be denied.

### B. Victim Testimony

Mr. Drake's claims the trial court erred by allowing the victim to use an alias and by not issuing a curative instruction when the victim testified that Mr. Drake allegedly had a history of sexual offenses are procedurally deficient.[36] These arguments are procedurally defaulted as Mr. Drake failed to raise them in the state court proceedings, and has provided no cause or explanation for the default.[37] These claims will be dismissed.

### C. Prosecutorial Misconduct

Mr. Drake's remaining claims allege that the prosecutor committed various types of misconduct—multiple claims challenge the prosecutor's failure to disclose the victim's use of an alias,[38] while the last claims focus on whether the victim received a benefit in her probation case in exchange for her testimony.[39]

---

[35] *Drake I*, 2015 WL 6957391, at *3-4.

[36] Pet. for Writ of Habeas Corpus [Doc. No. 1] at 23, 24.

[37] The Court agrees with the R&R that even if the claims were properly before the Court, which they are not, they would be meritless. The trial court never limited Mr. Drake by denying him the right to cross-examine the victim on the use of an alias. Thus, there is no cognizable claim here. *See Ross v. Dist. Att'y of Allegheny Cnty.*, 672 F.3d 198, 207 (3d Cir. 2012).

[38] Pet. for Writ of Habeas Corpus [Doc. No. 1] at 23-28 (Claims 15-17, 20, 22-23, 25-27).

[39] Pet. for Writ of Habeas Corpus [Doc. No. 1] at 24-25, 27 (Claims 18, 21, 24).

These claims were never raised in the state court and are therefore procedurally defaulted and unreviewable by this Court.[40] The Court agrees with the R&R that Mr. Drake has failed to make a sufficient showing of materiality, or provide any support at all, to overcome the default of his claims.[41] These claims will be denied. Given that Mr. Drake's petition fails to prove that the state court misapplied federal law for his exhausted claims, and fails to show cause for excuse of his procedurally defaulted claims, the petition will be dismissed.

**AND NOW,** this 4th day of February 2025, upon careful and independent consideration of the Petition for Writ of Habeas Corpus and the related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Pamela A. Carlos, to which no objections have been filed, it is hereby **ORDERED** that:

1. The R&R [Doc. No. 31] is **APPROVED** and **ADOPTED** as set forth above.
2. The Petition will be dismissed by separate Order.

It is so **ORDERED.**

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**

---

[40] R&R [Doc. No. 31] at 35-36.

[41] R&R [Doc. No. 31] at 35-36.